EDWIN NECKER,        )
                               )
         Plaintiff,       )
                               )
     v.                   )      Case No.   4:03CV01754 TIA
                               )
BOARD OF TRUSTEES OF THE IBEW     )
LOCAL NO. 1, HEALTH AND           )
WELFARE FUND, et al.,           )
                               )
         Defendants.     )

## MEMORANDUM AND ORDER

       This matter is before the court on the Motions for Summary Judgment filed by Plaintiff and

Defendants. The parties consented to the jurisdiction of the undersigned pursuant to 28 U.S.C. §

636(c).

       The primary facts of this case are not in dispute, as indicated by the parties during the

February 2, 2005 oral arguments. Plaintiff, Edwin Necker, is a participant in the I.B.E.W. Local No.

1, Health and Welfare Fund ("the Fund"). On February 5, 2002, Dr. Ashok Kumar treated Plaintiff

for bilateral carpal tunnel syndrome. (Pl. Exh. 2, p. 7) Dr. Kumar noted that the ailment was not

related to the automobile accident. (Pl. Exh. 2, p. 7) The medical bill totaled $3,153.00 and was

submitted to the Fund. (Pl. Exh. 2, p. 4) On April 5, 2002, the Plan Administrator issued an

Explanation of Benefits ("EOB") denying payment of the bill on the basis that Plaintiff's carpal tunnel

syndrome was work related and must be filed under his Workmen's Comp. Carrier. (Pl. Exh. 2, p.

4)

       On July 31, 2003, Plaintiff filed an appeal of the benefit claim denial with the Trustees of

the Fund. (Pl. Exh. 2, pp. 2-3) Plaintiff included a statement that he did not understand the reason

for the denial and believed that the bill was delayed for the same reason as his car accident-related

bills. (Pl. Exh. 2, pp. 2-3) In addition, Dr. Kumar issued a statement dated August 1, 2003,

indicating that plaintiff's carpal tunnel syndromes were not related to work or the car accident but

were attributed to an old injury on the right and idiopathy on the left. (Pl. Exh. 2, p. 9)

> Under Section 8.3 B of the Fund Summary Plan Description:
>
> Any denial of a benefit claim in whole or in part . . . may be appealed under this Section . . .
>
> The appeal must be filed within 90 days of receiving the written denial of the claim . . .
>
> A late appeal, filed within 18 months of the benefit claim denial or other occurrence, may be considered by the Trustees if they find good reason for the delayed filing and that it will not be prejudicial to the Fund. The appeal . . . should clearly identify the matter in dispute and should set out the party's position.

(Def. Exh. 1, p. 60) On October 20, 2003, the Appeals Committee issued its Decision of Appeal,

denying Plaintiffs' appeal on the basis that "[t]he appeal was filed beyond the 90 day requirement and,

therefore, must be denied." (Def. Exh. 9) In addition, the Decision stated that even if the Appeal

were timely, Carpal Tunnel Syndrom is typically a work-related condition not covered by the Plan.

(Def. Exh. 9) The Decision noted that Plaintiff did not provide information demonstrating that the

medical bills were not incurred for a work related injury. (Def. Exh. 9)

On December 8, 2003, Plaintiff filed a Complaint in federal court under the Employee

Retirement Income Security Act or 1974 ("ERISA"), 29 U.S.C. §§ 1001 et seq. Plaintiff alleges that

the Board of Trustees of the Fund arbitrarily and capriciously denied Plaintiff's claim for medical

expenses in violation of ERISA. Plaintiff requests reimbursement of the $3,153.00 medical bill with

interest and attorney's fees and costs.  (Complaint pp. 2-3)  On October 29, 2004, both parties moved for summary judgment.  The Court held oral arguments on the motions on February 2, 2005.

<u>**Standard of Review**</u>

Pursuant to Federal Rule of Civil Procedure 56(c), a court may grant a motion for summary judgment only if all of the information before the court shows "there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  <u>See Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986).  The United States Supreme Court has noted that, "[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the federal rules as a whole, which are designed to 'secure the just, speedy and inexpensive determination of every action'."  <u>Celotex</u>, 477 U.S. at 327 (1986) (quoting Fed. R. Civ. P. 1).

In ERISA cases, where the Plan gives the administrator discretionary authority to determine benefits eligibility, the court reviews the decision under an abuse of discretion standard.  <u>Woo v. Deluxe Corp.</u>, 144 F.3d 1157, 1160 (8th Cir. 1998) (citation omitted).  Under this standard, a court "must determine whether a reasonable person could have reached the same decision."  <u>House v. Paul Revere Life Ins. Co.</u>, 241 F.3d 1045, 1048 (8th Cir. 2001) (citation omitted).  Further, "[t]his inquiry focuses on the presence or absence of substantial evidence supporting the administrator's decision."  <u>Id.</u> (citation omitted).

Courts apply a less deferential standard of review "when the claimant presents 'material, probative evidence demonstrating that' there exists 'a palpable conflict of interest' or 'a serious procedural irregularity' that caused a 'serious breach' of the administrator's fiduciary duty to the claimant."  <u>Farfalla v. Mutual of Omaha Ins. Co.</u>, 324 F.3d 971, 973 (8th Cir. 2003) (quoting <u>Woo</u>

3

v. Deluxe Corp., 144 F.3d 1157, 1160 (8th Cir. 1998)). "The irregularities 'must have some connection to the substantive decision reached,' such that they leave a reviewing court with 'serious doubts as to whether the result reached was the product of an arbitrary decision or the plan administrator's whim,' or demonstrate that 'the actual decision was reached without reflection and judgment.'" Neumann v. AT&T Communications, Inc., 376 F.3d 773, 781-782 (8th Cir. 2004) (quoting Buttram v. Central States, S.E. & S.W. Areas Health & Welfare Fund, 76 F.3d 896, 900-901 (8th Cir. 1996)).

## Discussion

In the motions for summary judgment, both parties contend that they are entitled to judgment as a matter of law. Plaintiff asserts that the Decision of Appeal is procedurally irregular because Plaintiff filed his late appeal within the 18 month time frame and because there was good reason for the delayed filing without prejudice to the Fund. Further, Plaintiff argues that the Appeals Committee's consideration of Plaintiff's appeal and erroneous determination that Plaintiff's bilateral carpal tunnel syndrome was a work-related injury was also procedurally irregular. Defendants, on the other hand, contends that they are entitled to summary judgment because Plaintiff's appeal was untimely filed, and the Trustees did not abuse their discretion by denying the appeal on that basis.

The undersigned agrees with Defendants that the appeal was untimely and that the Trustees did not abuse their discretion in denying the appeal. Therefore, Defendants are entitled to judgment as a matter of law. At the outset, the undersigned finds that this Court will apply the deferential abuse of discretion standard. There is no evidence in the record that the Trustees' denial of Plaintiff's claim was based on serious procedural irregularities that caused a serious breach of the administrator's fiduciary duty. See Neumann, 376 F.3d at 781.

The record shows that Plaintiff filed his appeal more than 90 days after issuing the EOB denying Plaintiff's claim, specifically, fourteen months later. While the Plan provides that a late appeal filed within 18 months of the denial **may** be considered if the Trustees find good cause for the delay and that it will not prejudice the fund, Plaintiff did not proffer good reason for the delay other than mere mistake. See Graham v. Federal Express Corp., 725 F. Supp. 429, 437 (W.D. Ark. 1989) (finding that plaintiff's argument that her failure to comply with the Plan's deadlines resulted from misunderstanding was insufficient to compel the court to excuse the untimeliness of her claims). Considering the untimeliness of the appeal in conjunction with the lack of good cause, Plaintiff is unable to demonstrate a serious procedural irregularity or a serious breach of fiduciary duty on behalf of the Trustees in denying Plaintiff's appeal. See Clapp, 262 F.3d at 827. Thus, the undersigned will review the Trustees' decision under the abuse of discretion standard.

In the instant case, the Trustees did not abuse their discretion in denying Plaintiff's appeal as untimely. As previously stated, Plaintiff filed his appeal nearly a year after the 90 days for filing an appeal had lapsed. He did not request a good cause finding, nor did he demonstrate at the outset that the late appeal would not prejudice the plan. (Def. Exh. 6, p. 3) The Plan requires a party to clearly identify the matter in dispute and set out the party's position. (Def. Exh. 4, p. 60)

Further, the Trustees explicitly denied the appeal on the basis that it was filed beyond the 90 day requirement. (Def. Exh. 9) As previously stated, mistake or misunderstanding is not good reason for the delay. Graham, 725 F. Supp. at 437. Allowing plaintiff to appeal nearly a year after the expiration of the time to appeal on that basis would essentially render the 90-day limit meaningless. As articulated in Moffitt v. Whittle Communications, L.P., 895 F. Supp. 961, 969 (E.D. Tenn. 1995):

> [t]he policies promoted by internal dispute resolution procedures . . . would be poorly served if benefits claimants were free to ignore the time limits for seeking administrative reviews of denials of benefits claims. The longer a claimant is allowed to wait before seeking such review of a denial of his or her claim, the more the decision-maker might be prejudiced by the staleness or even non-existence of relevant evidence, especially evidence of the claimant's physical condition at the time pertinent to his or her claim.

Plaintiff has not provided any case law or evidence to the contrary. Indeed, Defendants have attached the Affidavit of Sue Davis, the Associate Administrative Manager of the IBEW-NECA Service Center, demonstrating that the Appeals Committee did consider Plaintiff's statement but that they did not find good cause for the delayed filing . (Davis Aff. ¶ 53) In addition, the committee did not find that the late filing would not prejudice the fund. (Davis Aff. ¶ 54) Based on the motions and supporting documentation, the undersigned finds that the Appeals Committee did not abuse its discretion in denying Plaintiff's appeal based on his failure to file within 90 days from the receipt of the written denial of the claim.

Plaintiff additionally argues that the Trustees cannot show that there was not good cause for the delayed filing or that consideration of Plaintiff's appeal would be prejudicial because the Appeals Committee did consider the appeal and note that if timely, the appeal would be denied. This argument is without merit. The Decision on Appeal clearly states that the denial is based on the fact that the appeal was untimely. (Def. Exh. 9) The fact that the Trustees noted that "[e]ven if the Appeal were timely" the claim would not be covered does not constitute a waiver of the requisite filing period. See Moffitt , 895 F. Supp. at 969-970 (stating that plan provision requiring request for review within 60 days was not waived where review of the claim was only for plaintiff's benefit). Thus, the undersigned finds that the Trustees' denial of Plaintiff's appeal based on its untimeliness was reasonable and should be upheld. See Neumann, 376 F.3d at 781 (stating that under abuse of

discretion standard, courts will "uphold an administrator's interpretation of the plan if it is 'reasonable'"). Because there is no issue for trial regarding the denial of Plaintiff's claim due to the untimely filing of his appeal, the undersigned need not address Plaintiff's argument that his carpal tunnel syndrome is not work-related and should be covered by the Fund. The Defendants are therefore entitled to summary judgment in this matter.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion for Summary Judgment [Doc. #15] is **GRANTED** and Plaintiff's Motion for Summary Judgment [Doc. #16] is **DENIED**. A separate Judgment will accompany this Memorandum and Order.

Dated this 11th day of August, 2005.

_____/s/ Terry I. Adelman_____
UNITED STATES MAGISTRATE JUDGE